UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARIA N. GONZALEZ

                                                  Plaintiff,

- against -

**COMPLAINT**

THE COUNTY OF SUFFOLK,
TOYOTA MOTOR CREDIT CORPORATION
a/k/a TOYOTA FINANCIAL SERVICES
and TOYOTA LEASE TRUST,

Docket No.: 20-cv-1423

**Jury Trial Demanded**

                                                  Defendants.
-----------------------------------------------------------X

Plaintiff, Maria N. Gonzalez, by and through her attorneys, CAMPANELLI & ASSOCIATES, P.C., respectfully alleges as follows:

### I. Nature of This Action

1. Plaintiff Maria N. Gonzalez brings this case seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys fees, pursuant to 42 U.S.C. §1983 and §1988, for deprivation of plaintiff's rights which are secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. At all relevant times described herein, the plaintiff was, and remains, the lessee and registered owner of 2018 Toyota Camry motor Vehicle bearing Vehicle Identification (VIN#) Number 4T1B11HK2JU5744249, which is hereinafter referred to as "the plaintiff's vehicle."

3. On or about November 6, 2018, the defendant County of Suffolk seized the plaintiff's vehicle in connection with the arrest of a third party and the defendant County has deprived the plaintiff of her use and possession of her vehicle from November 6, 2018 to date, without due process of law.

4. To the extent that the vehicle was seized in connection with any alleged crime which may or may not have been committed by a third person without the plaintiff's knowledge or consent, upon information and belief, any and all such criminal proceedings were concluded in June or July of 2019, and the defendant continues to deprive the plaintiff of her vehicle without justification and without having afforded her a modicum of due process.

5. More than a decade ago, the United States Court of Appeals for the Second Circuit pronounced that under the constraints of the due process clause, when a municipality seizes and seeks to retain continuing possession of a motor vehicle to be used as evidence in a criminal proceeding, the municipality must implement a formal Constitutionally sufficient procedure through which to: (a) seek and obtain an ex parte Court order empowering it to retain continuing possession of such vehicle, and, (b) to thereafter give owners and persons in possession of rights to such vehicle with both notice that such an order was obtained, and a procedure through which to challenge or seek to vacate such order. See, e.g., Krimstock v. Kelly, 464 F.3d 246 (2nd Cir. 2006), Ezagui v. City of New York, 726 F.Supp.2d 275 (S.D.N.Y. 2010).

6. Despite the passage of more than thirteen (13) years from the Second Circuit Court's decisions, the defendant County of Suffolk has not adopted nor implemented any such procedures to comply with the due process requirements laid bare by the United States Court of Appeals for the Second Circuit.

7. Lacking any such procedures, when seizing and retaining the vehicles of innocent owners, such as the plaintiff herein, the defendant systematically deprives innocent owners of due process, simply because the County hasn't bothered to adopt a process which the United States Court of Appeals for the Second Circuit has ruled was constitutionally required.

8. More specifically, the defendant simply seizes and retains motor vehicles "as evidence" while denying vehicle owners of due process by: (a) failing to have any procedure which requires the defendant to obtain a court order empowering the defendant to retain an innocent owner's vehicle, (b) failing to have any procedure through which the defendant provides the innocent owner with notice of any such order, or notice of any alleged purpose for which the owner's vehicle is purportedly being held, and (c) failing to provide the plaintiff with notice of any procedure by which they could challenge the defendant's decision to retain the innocent owner's vehicle indefinitely.

9. By depriving the plaintiff of her right to own, possess and use her respective vehicle without notice or a hearing, the defendant has deprived the plaintiff of valuable property rights and statutory rights, without due process of law, in violation of her U.S. Constitutional Rights as guaranteed to her under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## II. Jurisdiction and Venue

10. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and §1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

11. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action arises under the Constitution and laws of the United States.

12. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state claims which arise from the occurrences giving rise to the federal claims and which have a common nucleus of operative fact.

13. Venue lies in the Court pursuant to 28 U.S.C. §1391(b)(ii) in that Suffolk County is the underlying County for purposes of venue and where the vast majority of the events occurred.

## III. The Parties

14. Plaintiff, MARIA N. GONZALES, is an individual residing at 34 Shonnard Avenue, within the County of Nassau, State of New York.

15. Upon information and belief, the defendant, THE COUNTY OF SUFFOLK, is a municipal corporation organized and operating under New York State law, with a principal place of business situated at 100 Veterans Memorial Highway, Hauppauge, NY 11788.

16. Upon information and belief, the defendant, TOYOTA MOTOR CREDIT CORPORATION a/k/a TOYOTA FINANCIAL SERVICES (hereinafter "TOYOTA"), is a foreign business corporation with a principal place of business situated at 656 Headquarters Drive, Plano, Texas 75024.

17. Upon information and belief, the defendant, TOYOTA LEASE TRUST, is a trust created and operating under the laws of a foreign state with a principal place of business situated at 656 Headquarters Drive, Plano, Texas 75024.

18. Defendants TOYOTA MOTOR CREDIT CORPORATION a/k/a TOYOTA FINANCIAL SERVICES and TOYOTA LEASE TRUST are hereinafter collectively referred to as "Toyota."

19. The Toyota defendants are joined only as necessary parties, whose interests might be affected by a decision herein, because they are the owner and/or a secured lienholder against the motor vehicle at issue, subject to the plaintiff's lease rights, right of immediate possession, and right to purchase the vehicle which is set forth within a written contract by and between the plaintiff and the Toyota defendants.

### IV. Preliminary Facts

20. More than thirteen (13) years ago, in a trilogy of cases commonly known as the Krimstock cases, the United States Circuit Court of Appeals for the Second Circuit affirmatively ruled that when a municipality seizes a motor vehicle and seeks to deprive a person with an ownership interest in, or right of possession in such motor vehicle, for the purpose of keeping the vehicle either as the subject of a forfeiture proceeding or to be used as evidence within a criminal proceeding, the constraints of the Due Process clause mandate that the municipality implement constitutionally sufficient procedures to afford the innocent owner/party with notice and an opportunity to be heard and/or contest the municipality's retention of their vehicle.

21. In partial compliance with the Constitutional mandates pronounced by the United States Court of Appeals for the Second Circuit in <u>Krimstock</u>, the defendant County has implemented procedures to afford due process to the owners of vehicles which are seized and held by the defendant County where the County intends to pursue civil forfeiture of same based upon the owner's commission of various criminal offenses.

22. In such cases, vehicle owners are afforded both notices of seizure and Krimstock retention hearings at which the owners are empowered to challenge both the County's initial seizure and continuing retention of their motor vehicles.

23. These include cases within which a vehicle owner employed their respective vehicle to commit offenses such as: (a) operating a vehicle under the influence of alcohol (DWI) or drugs (DWAI) *See* Suffolk County Code (SCC) Chapter 420 Article II, (b) aggravated unlicensed operation of a motor vehicle and/or driving with a suspended or revoked license See SCC Chapter 420 Article III and Chapter 818, (c) drag racing See SCC Chapter 818 Article IV.

24. For each of those instances, the defendant has enacted, implemented and maintained a procedure to afford each respective vehicle owner, and all persons holding an interest in the subject vehicles with affirmative written notice of each seizure, and a hearing at which the owners are afforded an opportunity to challenge the initial seizure of their vehicles, as well as the County's ability to continue to retain continuing possession of same.

25. By contrast, when the County seizes a vehicle which has not been employed by the owner to commit any type of offense but seeks to retain continuing possession of same "as evidence" for a criminal proceeding, the County affords the innocent owner no seizure notice of any type, no opportunity to be heard and no procedure through which to challenge the County's decision to retain their respective vehicle indefinitely.

26. Where, as possibly here, a municipality seeks to retain a seized vehicle "as evidence" related to a criminal proceeding, federal courts have ruled that to satisfy the constraints of due process, the municipality must implement a procedure through which:

(A) a District Attorney must make an application (which can be *ex parte*) for a retention Order, to a Criminal Court Judge or Supreme Court Justice, and such application must include an affirmation that: (1) lists the reasons which retention is necessary and shows they relate to a contested issue in the underlying criminal proceeding; and (2) states that no other means besides continuing impoundment will suffice to preserve the evidentiary value of the vehicle, and

(B) if such retention order is granted, claimants must be provided with an opportunity for a hearing wherein they may move to vacate or amend the retention order via a challenge to the legitimacy or necessity of the continued retention of the vehicle as evidence. See Morales v. Dormer, 2009 WL3126276, E.D.N.Y., 08-CV-4270(JFB)(AKT) decision of Honorable Joseph F. Bianco, District Judge, September 29, 2009, on page 9.

27. With the Court of Appeals for the Second Circuit having rendered the last of its three Krimstock decisions more than a decade ago, the due process requirements pronounced therein constitute "clearly established law" of which any reasonable municipality and its final decision-makers would be well aware.

28. But any doubt that the final decision-makers of the defendant County are fully aware of these constraints of Krimstock is laid to rest by the fact that more than ten (10) years ago the defendant County was sued before this very same Court, for having failed to enact the very same constitutionally required procedures described herein. See Morales v. Dormer, 08-CV-4270(JFB)(AKT) decision of Honorable Joseph F. Bianco, District Judge, September 29, 2009.

29. Acting with actual knowledge of the due process requirements articulated by the United States Court of Appeals for the Second Circuit in <u>Krimstock</u> and its progeny, the final decision-makers for the defendant herein have simply, knowingly, and deliberately, failed to create, implement and/or maintain any procedures to comply with the due process requirements laid bare by the United States Court of Appeals for the Second Circuit, for more than a decade.

30. Wholly lacking in any procedure that requires same, when seizing and retaining motor vehicles for the purpose of using them as evidence in a criminal proceeding, the defendant County, and its authorized agents, do not seek, much less obtain, *ex parte* orders authorizing the defendant to retain continuing possession of same. Nor does the defendant provide an innocent owner or other person, whom possesses a right to use and/or possess such vehicle, with notice as to why their vehicle has been seized, or how to challenge any decision which has been made, by anyone, that the defendant will continue to retain the vehicle, indefinitely.

31. Instead, the defendant simply proceeds to hold the innocent owner's vehicle indefinitely, and places the burden upon the owner to secure an "evidence release" from the District Attorneys' Office, indicating that, as arbitrarily decided by an Assistant District Attorney within the Office of the District Attorney, the vehicle is "no longer needed as evidence."

## V. The Defendants' Unconstitutional Practice is Applied Against the Plaintiff, in Violation of the Plaintiff's Constitutional Rights

32. On or about November 6, 2018, the defendant County of Suffolk, by its agents, seized the plaintiff's vehicle and has thereafter retained possession of same, thereby depriving the plaintiff of her use and possession of her vehicle.

33. At no time prior to, or subsequent to, such seizure, has the defendant adopted, enacted, maintained or applied any procedure which required the Office of the District Attorney, or any other agent of the defendant to obtain any order authorizing the County or any of its agents to continue to retain the plaintiff's vehicle as evidence or for any other purpose.

34. At no time prior to, or subsequent to, such seizure, has the defendant adopted, enacted, maintained or applied any procedure that required the Office of the District Attorney, or any other agent of the defendant to provide the plaintiff with notice as to why her vehicle was seized, why the defendant has continued to retain possession of same, or how the plaintiff may challenge any decision, on the part of the defendant, to continue to retain the plaintiff's vehicle as evidence or for any other purpose.

35. Consistent with the absence of any such Constitutionally required procedures, the defendant has deprived the plaintiff of her property interests in her use and possession of her motor vehicle, while having afforded her no due process.

36. At no time has the defendant County afforded her notice or any opportunity to be heard with regard to the County's initial seizure and subsequent and continuing retention of her motor vehicle.

37.     At no time has the defendant maintained any procedure to afford the plaintiff any type of retention hearing, Krimstock hearing, or any other type of hearing or procedure within which, or by which, the plaintiff was afforded an opportunity to challenge the defendant's decision to retain her motor vehicle before, during and long after the conclusion of any criminal proceeding pertaining to her motor vehicle and/or any use thereof.

38.     For more than one year, the defendant has deprived the plaintiff of her use and possession of her motor vehicle. In contrast, the plaintiff has been constrained to make monthly lease payments for the car, which equaled or exceeded $358 per month, together with insurance payments that equaled or exceeded an additional $155 per month.

39.     The above-referenced sums are in addition to initial monies paid by the plaintiff at the inception of her lease.

40.     Upon information and belief, the defendant also caused the plaintiff's vehicle to sustain physical damage at the hands of the defendant and/or its agents.

41.     As a result of the foregoing, the defendant, by its agents, has deprived the plaintiff of valuable property rights without due process, and the plaintiff is entitled to obtain redress under 42 U.C.S. §1983, and to an award of money damages against the defendant under same, together with attorneys fees and costs under 42 U.S.C. §1988.

## *Monell* Liability - Defendant County of Suffolk

42. As described herein, the defendant County of Suffolk has no policy, practice or procedure through which it provides vehicle owners (or lessees) with notice, or an opportunity to be heard, before the County decides to retain their vehicles indefinitely without the knowledge or consent of the owners and/or lessees who are being deprived of the use and possession of same.

43. Nor does the County have: (a) a policy, practice or procedure of obtaining any court order authorizing the County to retain vehicles as evidence within any criminal proceeding, (b) a policy, practice or procedure of providing an owner and/or lessee with notice that such an Order has been applied for and/or has been granted, or (c) a policy, practice or procedure which can be invoked by an innocent owner and/or lessee through which to seek to challenge, have lifted or have amended any order authorizing the defendant to retain continuing possession of the owners/lessee's motor vehicle.

44. Instead of adopting any such U.S. Constitutionally mandated procedures to comport with the requirements of due process, upon information and belief, the final decision-makers of the County defendants made a conscious decision to abstain from creating any such procedures, and instead to simply permit the Suffolk County Police Property Clerk to retain seized vehicles indefinitely, unless and until an Assistant District Attorney, employed at the Suffolk County Office of the District Attorney, unilaterally and arbitrarily determines that continued custody of a seized vehicle was no longer desirable.

45. Such policies and practices of simply allowing SCPD Property Clerk and Assistant District Attorneys to hold vehicles indefinitely are not random or unauthorized acts of individual agents of the County, but are, in fact, the actual policies and practices of Suffolk County which, to this day, has continued to fail and/or refuse to enact, adopt and implement the U.S. Constitutionally sufficient procedures which the U.S. Court of Appeals for the Second Circuit has indicated are required to comport with the constraints of due process.

46. Accordingly, the defendant County is liable to the plaintiff pursuant to 42 U.S.C. §1983.

## CAUSES OF ACTION

### COUNT ONE

**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Procedural Due Process)**

47. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "84" hereinabove, with the same force and effect as if fully set forth at length herein.

48. At all times described herein, the plaintiff possessed the clearly established property rights, under New York State Law, to purchase, own, possess, use, and enjoy her motor vehicle.

49. At all times described herein, the plaintiff additionally possessed clearly established statutory and contractual rights of redemption under NY Personal Property Law §302, NY General Obligations Law §7-401, and pursuant to a written contractual agreement between the plaintiff and defendants TOYOTA and TOYOTA LEASE TRUST. Such rights of redemption included her statutory and contractual rights to redeem her vehicle and to retake

possession of her vehicle back from TOYOTA or TOYOTA LEASE TRUST if TOYOTA or TOYOTA LEASE TRUST came into possession of her vehicle.

50. As described hereinabove, defendant The County of Suffolk, has acted under color of state law to deprive the plaintiff of her property rights in the ownership, use and possession of her motor vehicle without due process of law, by (a) seizing her motor vehicle, and thereafter retaining it indefinitely, without having obtained any order authorizing such retention, (b) seizing and retaining her vehicle indefinitely, without providing the plaintiff with notice of such retention or the reason for same, and (c) affording the plaintiff with no Krimstock hearing, retention hearing, or any other form or procedure through which the plaintiff could seek to challenge the County's decisions to seize, and indefinitely retain, possession of her vehicle.

51. The defendant County of Suffolk is an individual within the meaning of 42 U.S.C. §1983.

52. The defendant County of Suffolk's actions in using state law to deprive the plaintiff of her property rights in the subject vehicle without notice of such deprivation and the opportunity for a hearing violates the Due Process requirement of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

53. In effectuating the deprivation of the plaintiff's right to own, use, possess and enjoy her motor vehicle, and the deprivation of the plaintiff's contractual right to redeem any default under her finance agreement, the defendants violated the plaintiff's right to procedural due process as guaranteed under the Fourteenth Amendment of the United States Constitution, and the defendants are liable to the plaintiff pursuant to 42 U.S.C. §1983.

54. As a result of the aforesaid defendants' violations of plaintiff's procedural Due Process rights, the plaintiff has been damaged by having lost ownership, use, and possession of her motor vehicle, as well as her statutory and contractual right to redeem and retake possession of her vehicle.

55. As a result of such Due Process violations, the plaintiff has sustained monetary damages in excess of $100,000.00 and has suffered substantial and continuing injuries and damages and increasing financial and other losses.

56. All of the injuries described hereinabove were actually and proximately caused by the acts of the defendants described herein, and the plaintiff is entitled to an award of monetary judgments against each of the defendants pursuant to 42 U.S.C. §1983, and an award for attorneys fees pursuant to 42 U.S.C. §1988.

# COUNT TWO

## DUE PROCESS CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

(Substantive Due Process - 42 U.S.C. §1983)

57. The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "56" hereinabove, with the same force and effect as if fully set forth at length herein.

58. At all relevant times described herein, the plaintiff was the lawful owner of the 2018 motor vehicle described herein, which was financed pursuant to a written contractual agreement by and between the plaintiff and defendants TOYOTA and TOYOTA LEASE TRUST.

59. At all times described herein, the plaintiff was vested of constitutionally protected property rights in the ownership, use, possession, and enjoyment of her motor vehicle, as well as statutory and contractual rights, to redeem any default under her finance agreement with defendants TOYOTA and TOYOTA LEASE TRUST, which would have enabled her to reclaim possession of her automobile if at any time TOYOTA and TOYOTA LEASE TRUST came into possession of same.

60. As detailed hereinabove, defendants County of Suffolk, arbitrarily, capriciously and deliberately deprived the plaintiff of such property rights, and engaged in a pattern of conduct that was oppressive in a constitutional sense, and should shock the judicial conscience, as it violates the plaintiff's rights to substantive due process, as guaranteed to the plaintiff under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

61. More specifically, upon information and belief, the County defendants failed to obtain any determination or Court order, which would allow it to empower it to retain continuing possession of such vehicle properly.

62. Without obtaining any order "directing" the County to continue to retain the plaintiff's vehicle pending resolution of a forfeiture and/or criminal proceeding, the County defendants have deprived the plaintiff of her right to own, use, possess, and enjoy her motor vehicle.

63. However, any pending criminal charges related to the subject vehicle have been resolved since on or about June/July of 2019.

63. As a result of such Due Process violations, the plaintiff has sustained monetary damages in excess of $100,000.00 and has suffered substantial and ongoing damages and continuing and increasing financial and other losses.

64. Plaintiff is being deprived of her use and enjoyment of a vehicle, which she continues to make monthly payments on and continues to insure.

64. All of the injuries described hereinabove were actually and proximately caused by the acts of the defendants described herein, and the plaintiff is entitled to an award of monetary judgments against each of the defendants pursuant to 42 U.S.C. §1983, as well as an award for attorneys fees pursuant to 42 U.S.C. §1988.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff prays for relief and requests that the Court render judgment as follows:

### COUNT ONE

**Procedural Due Process Claim - 42 U.S.C. §1983**

(a) Awarding the plaintiff compensatory damages, and a monetary judgment against the defendant The County of Suffolk, in the amount of $100,000.00, or in such other amounts proven at the trial of this action, together with pre-judgment and post-judgment interest; and

(b) Awarding the plaintiff reasonable attorneys fees and costs pursuant to 42 U.S.C. §1988(b); and

(c) Awarding the plaintiff reimbursement for any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(d) Awarding the plaintiff such other and further relief as this court may deem just and proper.

### COUNT TWO

**Substantive Due Process - 42 U.S.C. §1983**

(a) Awarding the plaintiff compensatory damages, and a monetary judgment against the defendant The County of Suffolk, in the amount of $100,000.00, or in such other amounts proven at the trial of this action, together with pre-judgment and post-judgment interest; and

(b) Awarding the plaintiff reasonable attorneys fees and costs pursuant to 42 U.S.C. §1988(b); and

(c) Awarding the plaintiff reimbursement for any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(d) Awarding the plaintiff such other and further relief as this court may deem just and proper.

Dated: Merrick, New York
March 16, 2020

Yours, etc.,

Campanelli & Associates, P.C.

By: __/s/ Andrew J. Campanelli__
Andrew J. Campanelli
*Attorneys for Plaintiff*
1757 Merrick Avenue, Suite 204
Merrick, New York 11566
(516) 746-1600
ajc@campanellipc.com